**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MIC SPECIALTY CHEMICALS, INC.,**
and **MITSUBISHI INTERNATIONAL
CORPORATION,**

      **Plaintiffs/Counter-Defendants,**

                                 **Case No. 04-70919**

v.

                                 **HONORABLE DENISE PAGE HOOD**

**RHE-TECH, INC., THERMOCOLOR, L.L.C.
d/b/a RHETECH COLORS,** and
**JOHN T. LEVINSON,**

      **Defendants/Counter Plaintiffs,**

v.

**PIVOT-MOLLOY, INC., VITROTECH, INC.,**
and **RP SWEENEY WAREHOUSES, INC.,**

      **Third-Party Defendants**
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR DEFAULT JUDGMENT**

      This matter is before the Court on Defendants/Counter Plaintiffs Rhe-Tech, Inc. and Thermocolor, L.L.C.s' Motion for Default Judgment filed on March 3, 2006. Third-Party Defendant Vitrotech has not filed a response to date.

      In its Motion, the Defendants ask this Court to award them $350,000.00 with judgment interest thereon at the rate provided by law from the date its third-party claims were filed for Vitrotech's misrepresentations and breach of its agreement with Defendants/Counter Plaintiff Rhe-Tech, Inc.

      On March 11, 2004, Plaintiffs MIC Specialty Chemicals, Inc. and Mitsubishi International

Corporation filed the instant matter. In its Complaint, Plaintiffs alleged eight counts against Defendants/Counter Plaintiffs Rhe-Tech, Inc., Thermocolor, L.L.C., and John T. Levinson. They are: (1) Goods Sold and Accepted; (2) Violation of U.C.C. §§ 2-709 - 2-710; (3) Account Stated; (4) Breach of Contract; (5) Quantum Meruit/Implied Contract; (6) Fraud/Misrepresentation against Rhe-Tech, Inc. and John T. Levinson; (7) Negligent Misrepresentation against Rhe-Tech, Inc. and John T. Levinson; and (8) Innocent Misrepresentation against Rhe-Tech, Inc. and John T. Levinson.

On June 7, 2004, Rhe Tech filed an Amended Answer, Counterclaim, and Third Party Claim, naming among others, Vitrotech, Inc. The Third Party Claim alleged that Vitrotech was responsible for brokering the sale of vitrolite to Rhe Tech and that Vitrotech made certain misrepresentations and breached its agreement with Rhe Tech. The Third Party Claim alleged damages in the amount of $350,000.00 plus interest. Vitrotech was served with the Third Party Claim on July 30, 2004. On September 23, 2004, Vitrotech filed an Answer and Affirmative Defenses.

On August 31, 2005, counsel for Vitrotech obtained an order from the Magistrate Judge granting his motion to withdraw as counsel. The order allowed Vitrotech 14 days from the date of the order to obtain new counsel. Vitrotech obtained no new counsel and failed to appear at the Final Pretrial Conference on January 9, 2006.

A Clerk's Entry of Default was entered against Vitrotech on February 1, 2006 pursuant to Federal Rule of Civil Procedure 55. Vitrotech was then served with a Request for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55. Defendants/Counter-Plaintiffs Rhe Tech and Thermocolor are entitled to default judgment. Fed. R. Civ. P. 55(b). In federal court, only attorneys may represent corporations. 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land, More*

*or Less, in Marquette County, Michigan*, 416 F. 2d 1244, 1245 (6th Cir. 1969). A corporate president may not represent his/her corporation before a federal court. *9.19 Acres of Land*, 416 F. 2d at 1245; *See also, Chaltry v. Ollie's Idea, Inc.*, Case No. M-76-26-CA-2, 1980 WL 2078 (W.D. Mich. 1980).

Accordingly,

    IT IS ORDERED that Defendants' Motion for Default Judgment **[Docket No. 71, filed on March 3, 2006]**, is GRANTED.

    IT IS FURTHER ORDERED that Defendants/Counter Plaintiffs Rhe-Tech, Inc. and Thermocolor, L.L.C. recover the sum of $350,000.00, with judgment interest thereon at the rate provided by law, from Third-Party Defendant Vitrotech, Inc.

    IT IS FURTHER ORDERED that all other Defendants having been disposed of, this Order closes this case.

    /s/ Denise Page Hood  
    DENISE PAGE HOOD  
    United States District Judge

DATED: March 26, 2007

    I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2007, by electronic and/or ordinary mail.

    S/William F. Lewis  
    Case Manager